UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LISA A. LAUDERO,

                Plaintiff,

v.

OTIS ELEVATOR COMPANY,

                Defendants.
_____

THERESA A. FLYNN,

                Plaintiff,

v.

DOVER CORPORATION, et al.,

                Defendants.
_____

RITA J. ROBINSON and THOMAS ROBINSON,

                Plaintiff,

v.

THYSSENKRUPP ELEVATOR
  MANUFACTURING, INC., et al.,

                Defendants.
_____

**DECISION AND ORDER**

10-CV-00054(JJM)

10-CV-00053(JJM)

10-CV-00378(JJM)

        The parties have consented to proceed before a Magistrate Judge pursuant to 28 U.S.C. §636(c) [29].[1] Before me is that aspect of plaintiffs' motion to compel production of accident/incident reports from defendant Otis Elevator Company ("Otis"). Braun Affirmation

---

      [1]     Bracketed references are to the CM/ECF docket entries. Although plaintiffs' motion was filed in each of the three cases, all docket references will be to <u>Flynn v. Otis Elevator Company, et al.</u>,10-cv-0053(M), unless otherwise noted.

[44], ¶¶24-26. The parties were given the opportunity to argue this aspect of the motion at the July 11, 2011 conference. The remaining aspects of the motion have either been resolved or the parties continue to confer in an attempt to reach a resolution. For the following reasons, this aspect of plaintiffs' motion [44] is denied.

## BACKGROUND

Each of these three cases arise from personal injuries sustained by plaintiffs during separate occurrences while utilizing elevators at the Wende Correction Facility.[2] Plaintiffs' Sixth Notice for Production of Documents requests "[a]ny and all accident/incident reports, with or without injury, concerning said elevators". Braun Affirmation [144], Ex. D, Request #3. Otis responded that it would not produce such reports because the demand was "overbroad, unduly burdensome and seeks irrelevant and unidentifiable information" and "also seeks potentially privileged communications and/or confidential attorney work-product and/or material prepared in anticipation of litigation that is not subject to disclosure". Id., Ex. F.[3] Plaintiffs' counsel later agreed to limit the time period to one year prior to the alleged incidents and six months after the alleged incidents. Braun Reply Affirmation [51], ¶¶13, 17; Hickey Affirmation [49], Ex. P.

---

[2]   Although these cases have not been formally consolidated, they have proceeded on a single track.

[3]   Inexplicably, despite indicating that it will not produce any such reports, Otis' response to this demand incorporates another response which indicates that it is "in the process of confirming whether the report requested . . . is discoverable, and to the extent it is same will be disclosed accordingly in supplemental form". Braun Affirmation [44], Ex. F, Response ## 3, 6. Given Otis' current opposition to the motion, I assume that this was an error.

## ANALYSIS

In response to plaintiffs' motion, Otis acknowledges that plaintiffs have agreed to restrict the time period of the demand. Hickey Affirmation [49], ¶53. Nevertheless, it argues that the demand "is clearly overbroad as it seeks all 'reports' without restriction to a time period or to a type of 'accident/incident' that is relevant herein". Id., ¶52. It also argues that its disclosure of "Rope and Repair Records" and "online history report" is "further responsive to this demand because it contains maintenance and repair records for the subject elevators". Id., ¶54. Neither party cites any case law in support of their position.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense". Fed. R. Civ. P. 26(b)(1). "Evidence of [prior similar accidents] would unquestionably be relevant, if not central, to [plaintiff's] case". Stagl v. Delta Airlines, Inc., 52 F.3d 463, 474 (2d Cir. 1995). "[W]here negligence is alleged, proof of prior accidents may be admitted to show that the defendant had notice of a dangerous condition". Schmelzer v. Hilton Hotels Corp., 2007 WL 2826628, *2 (S.D.N.Y. 2007). See Hicks v. Long Island Railroad, 165 F.R.D. 377, 381 (E.D.N.Y. 1996) ("the materials requested relating to similar accidents are relevant to the degree of risk associated with the Domore chairs, as well as to whether LIRR had notice of that risk and what, if any, actions LIRR took to protect the safety of its employees after receiving notice of the defect").

Therefore, Otis shall produce all accident/incident reports associated with the subject elevators during the time period from one year prior to the alleged incidents through six months after the alleged incidents. If necessary, questions concerning the admissibility of these reports based upon their timing and similarity to the subject incidents will be resolved after their

production. *See* Schmelzer, 2007 WL 2826628, *2.

## CONCLUSION

For these reasons, that aspect of plaintiffs' motion seeking disclosure of accident/incident reports associated with the subject elevators is granted. Braun Affirmation [44], ¶¶24-26. Otis shall produce all accident/incident reports, if any, associated with the subject elevators during the time period from one year prior to the alleged incidents through six months after the alleged incidents by August 5, 2011. If necessary, the other aspects of plaintiffs' motion to compel and the admissibility of this discovery will be resolved at a later date.

**SO ORDERED**.

Dated: July 12, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge